IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARIA MONTIJO | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-195 |
| WARDEN DOBBS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Maria Montijo, proceeding *pro se*, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Warden Dobbs, Captain Buckle, Officer Guidry, and Officer Johnson.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff paid the full filing fee and, on October 3, 2022, she was issued summonses to serve the defendants. Pursuant to Federal Rule of Civil Procedure 4, Plaintiff is responsible for service of a summons and complaint within the time allowed by the rules. Federal Rule of Civil Procedure 4(e) states that individuals may be served either: (1) pursuant to the laws of the state in which the court is located or (2) by delivering a summons and a copy of the complaint to the individual personally, by leaving such documents at the individual's dwelling house or usual place of abode or by delivering such documents to any agent authorized by appointment or by law to receive service of process.

Plaintiff attempted to serve the defendants by certified mail, as permitted under the laws of the State of Texas. *See* TEX. R. CIV. P. 106(a)(2). When service is made by certified mail, the return of service must contain the addressee's signature. TEX. R. CIV. P. 107(c). In this case, the returns of service do not contain the signatures of the defendants. The absence of the defendants' signatures from the returns of service renders service invalid.

Federal Rule of Civil Procedure 4(m) provides the following:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The *pro se* status of Plaintiff does not excuse her failure to effect service. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (holding that simple inadvertence, and ignorance of the rules are generally insufficient to establish good cause); *Sys. Signs Supplies v. U.S. Dep't Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990). Plaintiff bears the burden of proving good cause for failing to serve the defendants within the time frame set out in Rule 4. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). To prove good cause, Plaintiff must show excusable neglect for failing to serve the defendants. In addition, to receive an extension of time to serve the defendants, Plaintiff must show good faith and a reasonable basis for noncompliance with the time set forth in the rule. *Id*.

Plaintiff failed to serve the defendants within ninety days after she was issued summonses, and she has not shown good cause for failing to serve the defendants or requested an extension of time to serve the defendants. Therefore, unless Plaintiff shows good cause for failing to effect service within fourteen days of this report and recommendation, this action should be dismissed without prejudice.

### Recommendation

This action should be dismissed without prejudice unless Plaintiff shows good cause within fourteen days for failing to serve the defendants.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of the factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 30th day of June, 2023.

_____
Zack Hawthorn
United States Magistrate Judge